## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| SHAWNA NASH, *Administratrix for the Estate of* MICHAEL D. NASH, Deceased. <br><br> Plaintiff, <br><br> v. <br><br> JAMES SORAH <br>     Serve: 125 W Spring St <br>            St. Marys, Ohio 45885 <br><br> ROXANN SORAH <br>     Serve: 125 W Spring St <br>            St. Marys, Ohio 45885 <br><br> and <br><br> MICHAEL SORAH <br>     Serve: 325 45th Avenue South <br>            St. Petersburg, Florida 33705 <br>                     Defendants. | Case No.:   1:24cv4 |

## COMPLAINT

COMES NOW, SHAWNA NASH, *Administratix* for the Estate of MICHAEL D. NASH, Deceased and files this complaint against Defendants James Sorah, Roxann Sorah, and Michael Sorah (collectively "Defendants"), and in support states as follows:

### Parties

1. On February 2nd, 2022, Michael D. Nash, (Mr. Nash, or Decedent) a natural resident of the Commonwealth of Virginia, passed away at Holston Valley Medical Center in Kingsport, TN 37660, due to the negligent, reckless, wrongful, and intentional actions of Defendants.



Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

2.	At the time of his death, Mr. Nash resided at 544 Monarch Road, St. Charles, Virginia 24282 (Lee County).

3.	Shawna Nash ("Mrs. Nash" or "Plaintiff") was the surviving spouse of Mr. Nash.

4.	Mrs. Nash, at all times pertinent to this action, was a resident of the Commonwealth of Virginia and resided at 544 Monarch Road, St. Charles, Virginia 24282 (Lee County).

5.	Mrs. Nash qualified as the Administratix of Mr. Nash's Estate on April 5th, 2022, in the Lee County Circuit Court under Va. Code § 8.01-50 and § 64.2-454. An attachment of her qualification is attached as "Exhibit C".

6.	At all times and places pertinent to this action, James Sorah ("Mr. Sorah or Jim Sorah") and Roxann Sorah ("Ms. Sorah") were citizens of the State of Ohio, with their residence in Dayton, Ohio.

7.	At all times and places pertinent to this action, Michael Sorah was a citizen of the State of Flordia with his residence in St. Petersburg.

8.	Mr. James Sorah, and Mrs. Roxann Sorah conducted business in Virginia together as partners (via answer, and admission during hearing on 05/13/21 in the Lee County Virginia Circuit Court, case no.: CL21020025-00, Woodard v. Sorah, et al) and rented multiple properties in St. Charles, Virginia., up until on or about June 4th, 2021.

9.	On June 4th, 2021, in an effort to avoid the possibility of the potential judgment creditor in Woodard v. Sorah case reaching the properties in St. Charles, Virginia, James Sorah and Roxann Sorah transferred every single property owned in their names to their son, Michael Sorah, via Deeds of Gift.

10.	On or about June 4th 2021, Mr. Michael D. Sorah then assumed ownership of all 28 of Mr. James Sorah's and Mrs. Roxann Sorah's rental properties used in the business in Lee County, Virginia.


Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

2

11.     Therefore, Michael D. Sorah, from at least on or about June 4th, 2021 until present, conducted business in the Commonwealth of Virginia as his parents had done before him.

12.     All at times and places pertinent to this action, Defendants acted by themselves or through their employees and agents.

## Jurisdiction and Venue

13.     This Court has subject matter jurisdiction as to all counts under 28 U.S.C. § 1332. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

14.     There is complete diversity between the parties.

15.     This Court has personal jurisdiction over all Defendants as they each have at least minimum contacts with the Commonwealth of Virginia.

16.     Venue is proper in this judicial district under 28 U.S.C. § 1391 and Local Rule 2(b) for the United States District Court for the Western District of Virginia, because at all times material hereto, a substantial part of the events or omissions giving rise to this suit occurred in this judicial district.

## Facts

17.     On or about August 1st, 2019, Mr. James Sorah and Roxann Sorah rented to Plaintiff and Decedent, a property for habitation at 544 Monarch Road, in St. Charles Virginia.

18.     It was the usual business practice of Defendants James Sorah and Roxann Sorah to use verbal agreements and not use written leases in their business.

19.     Therefore, an oral agreement existed between Plaintiff and Decedent and Defendants James and Roxann Sorah for the habitation of the property, which became a month-to-month lease under the laws of the Commonwealth of Virginia.

20.     Unbeknownst to Plaintiff and Decedent, the property at 544 Monarch Road had



Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

3

been condemned by the County of Lee, Virginia, as an "Unsafe Building" and "unfit for human occupancy" as of May 30th, 2018, by the County Building Inspector Mr. Tom Bush after an inspection stemming from a complaint from a previous tenant.

21.    Mr. Bush cited the building as having the following violations of the 2012 Virginia Maintenance Code:

> 304.7: Roof leak in the kitchen area, causing part of the ceiling to be in danger of falling.
>
> 504.1: No trap on the lavatory in the bathroom allowing sewer odors into the home.
>
> 602.1/603.1: Heat pump system will not operate.
>
> 605.1: Electrical receptable(s) without proper cover plates.

22.    Mr. Bush then notified Mr. Sorah, via certified mail, and posted upon the entrance of the building the notice from the County. The notice gave the statutorily required 30 days to respond. A copy of the notice is attached to this pleading and is marked as "Exhibit A."

23.    The notice then informed Mr. Sorah that should the issues not be rectified within 30 days, use or occupancy of the building would be prohibited. Any correction of the issue would have to be inspected by the County before use or occupancy would be allowed.

24.    Instead of correcting the violations, or responding to the notice, Mr. James Sorah and Roxann Sorah failed to issue any kind of response to the violation. A certified mailing with return receipt was signed by Mr. James Sorah on 04-28-2018 acknowledging receipt of the violation. Upon information and belief, Mr. Sorah then found the condemnation notice on the property, and removed the notice without fixing or rectifying any of the known issues, and then stated to another individual, known at this time to be a Ms. Tammy Williams, that he would not complete the repairs as required. This was stated at some time shortly after the notice was issued on May 30th, 2018, or must have occurred a month or so from this date according to Mr. Sorah's


Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

4

testimony in a related case as Mr. Sorah testified he would travel from Ohio to Virginia about monthly. (Becton v. Sorah, Lee County General District Court, GV21000080-00). An affidavit from Ms. Tammy Williams, stating the same, is attached as "Exhibit B".

25. The home in question also suffered from foundation issues and further structural damage which made inhabitation dangerous, which was unknown and hidden to the Nash's at the time of renting the unit.

26. Further, upon information obtained during a deposition on Nov. 2nd, 2021 in a related case against Mr. Jim Sorah and Mrs. Sorah, and belief, it was detailed by Mr. Andrew Selph, an employee of the Sorahs, that the Sorah's use individuals and/or other employees to superficially cover up issues with rental units they use before they rent units to tenants. Upon information and belief, the Sorahs in this case covered up any visible damage by making inadequate coverings and repairs, and left the more serious issues unaddressed. This made the inherent issues and dangers within the building latent, concealed and unknown to Plaintiffs.

27. The building at 544 Monarch Road, St. Charles, Virginia, also suffered from multiple leaks in the roof, and humidity issues, which, over a period of time, introduced mold into the wooden structure of the home, which became substantial, but also latent.

28. Further, the building continued to suffer from roofing issues and uneven distribution of weight which hereto has caused weakness in the floors and collapsing of the roof in various areas of the home.

29. After the condemnation of the building, Mr. James Sorah and Roxann Sorah then re-rented the building to Mrs. Nash and Decedent. Mr. Sorah and Mrs. Sorah did not follow the requirements of Va Code Ann. § 55.1-1214, Va. Code Ann. § 55.1-1215, nor did they inspect their building for its status as being fit for human habitation.


Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

30. Plaintiff and Decedent were unaware of the prior condemnation, or the latent issues in the home, which affected Decedent's health.

31. Decedent, at multiple points in time, fell due to the weakness of the structure and flooring, directly caused by the roof leaks and foundational issues and suffered injuries.

32. A sample of the mold in the home was taken and analyzed, which returned as *Aspergillus spp.*, a type of mold which causes allergic reactions, lung infections, and infections in other organs in certain individuals.

33. Due to this, Decedent became more and more ill as time went on, culminating in his hospitalization in October of 2021.

34. Decendent's medical records indicate consistent and constant lung infections and mobility issues which continued until February of 2022.

35. Ultimately, on February 2nd, 2022, Decedent passed away at Holston Valley Medical Center due to the actions of the Defendants.

36. Mr. Michael Sorah, in testimony to the Lee County General District Court, stated that upon gaining ownership of the properties, that he did not check on their status or condition, or otherwise inquire about the status of the properties through the county as rental properties.

37. Mr. Michael Sorah then continued to not maintain this property, nor to inquire on this property's status or condition, nor any other property given to him by Mr. James Sorah and Mrs. Roxann Sorah.

38. During an unlawful detainer hearing evicting Mrs. Nash in the Lee County General District Court, Mr. Michael Sorah further testified that he had not engaged in any act, at any time, to inquire, or otherwise check into the condition of any of the properties acquired by him from his parents in person, or through any governmental office within the Lee County and continued to rent them to tenants as his parents had done before.


Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

6

39. It was at this time, on May, 25th 2022, that the Plaintiff became aware that the property had been condemned by the county and that James Sorah, Roxann Sorah, nor Michael Sorah had communicated this fact to Mrs. Nash or Decedent.

## Causes of Action

Plaintiff alleges the following separate causes of action against the Defendants:

### COUNT ONE:
### Negligence
*All Defendants Jointly and Severally*

40. The Plaintiff adopts, reiterates and incorporates, each and every allegation contained in paragraphs 1 through 39 of this Complaint as if set out verbatim herein, to the extent that they are not inconsistent with the following, and if inconsistent, then the Plaintiff pleads in the alternative.

41. All Defendants owed Decendent numerous duties, including but not limited to:

   a) The duty to maintain their business property with due care and reasonableness to others.

   b) The duty to give appropriate time and care to the status of their properties and their state of repair.

   c) The duty to follow all housing and building code regulations under the laws and regulations of the Commonwealth of Virginia.

   d) The duty not to cover up inherent or latent dangers of their property which could cause illness, injury or death to others.

   e) The duty to be informed about the condition of their property used for human inhabitation.

   f) The duty to maintain their property as to not allow structural weakness which could cause injury to others.



Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

g) Defendants did not act with due care regarding their property.

h) Defendants did not inform themselves of the state of their property, nor did they take actions to become aware as they reasonably should.

i) As a direct and proximate cause of their breach of these duties, Mr. Nash lost his life.

j) Mr. Nash's statutory beneficiary has suffered, and will continue to suffer, sorry, mental anguish, loss of solace, loss of income, loss of services, loss of protection, loss of care, loss of Mr. Nash's assistance, and other items of damages recoverable under Virginia Law.

k) As a proximate result of Defendant's negligence, expenses were incurred for the funeral and burial of Mr. Nash.

l) Plaintiff seeks for Mr. Nash's statutory beneficiaries to be fully and fairly compensated to the fullest extent under Virginia Law.

m) Defendants actions show a wanton and willful negligence for the rights of the Plaintiffs, and Plaintiffs seek punitive damages for this count.

## COUNT TWO:
### Per Se Negligence
*All Defendants Jointly and Severally*

42. The Plaintiff adopts, reiterates and incorporates, each and every allegation contained in the previous paragraphs of this Complaint as if set out verbatim herein, to the extent that they are not inconsistent with the following, and if inconsistent, then the Plaintiff pleads in the alternative.



Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

43. Plaintiff and Decedent seek to recover for their injuries under the Doctrine of Negligence Per Se, as follows:

   a) Defendants violated Virginia Regulatory Codes, including but limited to the Virginia Maintenance Code, infra, which were designed for the safe and health of the public regarding human habitation of a building and building safety, along with violating Va. Code § 55.1-1214, Va. Code § 55.1-1215, Va. Code § § 55.1-1220, and other sections of the Virginia Residential Landlord and Tenant Act, and other applicable sections of the Virginia Code.

   b) Decedent were the specific protected class, i.e. tenants and inhabitants, designed to be protected by these codes.

   c) Decedent was harmed through the violation of these codes exactly as they were designed to protect, as Decedent was harmed via the introduction of harmful mold to his bodies, and through injuries dealing with structural weakness in the home.

   d) The actions of the Defendants were the proximate and direct cause of the injuries of the Decedent.

   e) Therefore, Defendants have shown "the failure to exercise that standard of care prescribed by a legislative body," and are negligent per se.

   f) Mr. Nash's statutory beneficiary has suffered, and will continue to suffer, sorry, mental anguish, loss of solace, loss of income, loss of services, loss of protection, loss of care, loss of Mr. Nash's assistance, and other items of damages recoverable under Virginia Law.

   g) Plaintiff seeks for Mr. Nash's statutory beneficiaries to be fully and fairly compensated to the fullest extent under Virginia Law.


Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

9

    h) Defendants actions show a wanton and willful negligence for the rights of the Plaintiffs, and Plaintiffs seek punitive damages for this count.

### COUNT THREE:
### FRAUD / CONCEALMENT
*James Sorah and Roxann Sorah*

44. The Plaintiff adopts, reiterates and incorporates, each and every allegation contained in the previous paragraphs of this Complaint as if set out verbatim herein, to the extent that they are not inconsistent with the following, and if inconsistent, then the Plaintiff pleads in the alternative.

45. Plaintiff seeks to recover damages via a theory of intentional tort, as follows:

    a) Mr. James Sorah, in furtherance of his business, intentionally and recklessly covered up structural and latent deficiencies in the property rented to Plaintiff and Decedent.

    b) Mrs. Roxann Sorah, as a business partner, is liable jointly and severally for the intentional torts and actions of other partners in furtherance of the business under the laws of the Commonwealth of Virginia.

    c) Due to Mr. James Sorah's intentional actions, Decedent lost his life.

    d) Mr. James Sorah knew that the building inspector for the County of Lee had condemned the house and issued violations for the home being unhabitable, and purposefully failed to disclose this or any other information about the condition of the home to Decedent and Ms. Shawna Nash.

    e) Mr. James Sorah further stated he would not make the repairs as needed, and


Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

f) Mr. James Sorah knowingly deceived Decedent and Ms. Shawna Nash by not disclosing the home had been declared "not fit for human occupation" by the County of Lee.

g) The direct and proximate cause of the Decedent's loss of life was the intentional actions of Mr. James Sorah.

h) Mr. Nash's statutory beneficiary has suffered, and will continue to suffer, sorry, mental anguish, loss of solace, loss of income, loss of services, loss of protection, loss of care, loss of Mr. Nash's assistance, and other items of damages recoverable under Virginia Law.

i) Plaintiff Decedent's Estate seeks to be compensated for his injuries to the fullest extent under Virginia Law.

j) Defendants actions show a wanton and willful disregard for the rights of the Plaintiff, and Plaintiff seek punitive damages for this count.

WHEREFORE, Plaintiff Shawna Nash as the executrix of the Estate of Michael D. Nash, hereby moves this court for judgement against the Defendants in counts 1 through 3 above in the amount of not less than FOUR MILLION DOLLARS ($4,000,000.00), and moves this court for punitive damages in the amount of TWO MILLION DOLLARS ($2,000,000.00), plus her reasonable attorney's fees, plus the taxable costs for the Plaintiff and Decedent from February 2nd, 2022.

TRIAL BY JURY IS DEMANDED.

SHAWNA NASH, Executrix of the Estate of
MICHAEL D. NASH.



Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277

By: _____
Counsel

Date:

Joshua Ely (VSB No. 94742, TN BPR No. 038214, United States Patent and Trademark Office Patent Practitioner Reg. No. 80,909)
Ely and Co. Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277
Phone:       276.207.4753
Email:        Josh@ElyandCoLaw.com



Ely Law Offices, PLC
P.O. Box 748
Pennington Gap, VA 24277