IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

SHAWNA NASH, ADMINISTRATRIX FOR
THE ESTATE OF MICHAEL D. NASH,
DECEASED,

  Plaintiff,

v.                                            Case No. 1:24-cv-00004-JPJ-PMS

JAMES SORAH, ROXANN SORAH AND
MICHAEL SORAH,

  Defendants.

## MOTION TO APPROVE COMPROMISE SETTLEMENT

The defendants James Sorah, Roxann Sorah, and Michael Sorah, by counsel, move the Court, pursuant to § 8.01-55 of the Code of Virginia (1950) (as amended), for the approval of the compromise of all claims that result or arise from the death of the respondent's decedent. In support of this Motion, the defendants state as follows:

1. The plaintiff alleges her decedent to have died as a proximate result of "the negligent, reckless, wrongful, and intentional actions" of the defendants. (Compl. [Doc. 1] at ¶¶ 1, 35, 41, 43, 45.)

2. The plaintiff qualified on April 5, 2022, in the Circuit Court of Lee County, Virginia, as the Administratrix of the Estate of her decedent. (Compl. [Doc. 1] at ¶ 5 & Ex. C.)

3. The plaintiff is continuing to act in her capacity as Administratrix of the Estate of her decedent as of the date of this Motion.

4. While the circumstances surrounding the death of the plaintiff's decedent remain uncertain, the parties, realizing the uncertainties and expense of litigation, have agreed, subject to

1

the approval of this Court, upon a compromise settlement of TWENTY THOUSAND DOLLARS ($20,000.00).

5.  Upon the Court's approval of this settlement, the defendants and all officers, directors, agents, attorneys, employees, employers, representatives, parents, subsidiaries, joint venturers, affiliates, insurers, insureds, policyholders, administrators, executors, heirs, successors, and assigns, if any, of the defendants, jointly or severally, ("the Released Parties") will receive a complete, irrevocable, and unconditional release of any and all claims, causes of action, or demands, whether in tort, in contract, or otherwise, whether now existing or which hereafter may accrue, for damages of any kind or any nature whatsoever as a result of the death of the plaintiff's decedent.

6.  Under the facts and circumstances of this matter, and given the time, expense, and uncertainty of litigation, the parties hereto believe the compromise settlement set forth in this Motion to be fair and reasonable.

7.  This settlement expressly excepts, and does not include, the pending Counterclaim [Doc. 10] filed against the plaintiff, in her capacity as Administratrix of the Estate of her decedent, by defendant Michael Sorah.

8.  Except as provided for in numbered paragraph 6 of this Motion, the parties hereto understand that this settlement, once approved by this Court, is a full and final disposition of the claims and disputes between and among them and the other persons and entities identified herein. The parties hereto further understand and agree that this settlement, once approved by this Court, and except as provided for in numbered paragraph 6 of this Motion, constitutes a compromise settlement and is mutual, final, and binding upon the parties and the other persons and entities identified herein.

9. The plaintiff's decedent, who died <u>intestate</u>, is survived by the plaintiff, his spouse.

10. The defendants are informed, and therefore aver, that the plaintiff is the sole person eligible under § 8.01-53 of the Code of Virginia (1950) (as amended) to share as a statutory beneficiary in any recovery on account of the death of the plaintiff's decedent.

11. The defendants further are informed, and therefore aver, that the plaintiff is of sound mind and is over the age of 18.

12. The defendants are informed, and therefore aver, that there are no medical liens that are to be satisfied from the proceeds of this compromise settlement.

13. The defendants are informed, and therefore aver, that there are no funeral and burial expenses that are to be satisfied from the proceeds of this compromise settlement.

12. The plaintiff has engaged the law firm of Ely Law Offices PLLC to prosecute her claim arising out of the death of the plaintiff's decedent. Such law firm is to receive a fee, subject to the approval of this Court, in the amount of SIX THOUSAND SIX HUNDRED DOLLARS ($6,600.00). Such fee is to be paid from the gross proceeds of this compromise settlement.

13. The defendants are informed, and therefore aver, that Ely Law Offices PLLC has advanced no costs that are to be reimbursed from the proceeds of this compromise settlement.

14. The defendants request that the remainder of the proceeds of this compromise settlement, in the amount of THIRTEEN THOUSAND FOUR HUNDRED DOLLARS ($13,400.00), be distributed to the plaintiff, as statutory beneficiary.

15. The defendants request that distribution of the settlement proceeds as the Court specifies and directs be completed by the plaintiff in her capacity as Administratrix of the Estate of her decedent and Ely Law Offices PLLC.

15. Upon this Court's approval of this compromise settlement, the above-caption, with the exception of defendant Michael Sorah's pending Counterclaim, will be dismissed with prejudice.

16. The defendants request that this Court enter an Order approving this settlement and directing distribution of the proceeds of this settlement as outlined herein and irrevocably and unconditionally releasing, acquitting, and forever discharging the Released Parties from any and all liability now accrued or hereafter to accrue on account of any and all claims or causes of action, whether in tort, contract, or otherwise, whether known or unknown, or that hereafter may develop, compensatory or punitive, resulting from the death of the plaintiff's decedent.

WHEREFORE, the defendants James Sorah, Roxann Sorah, and Michael Sorah respectfully ask the Court to ratify and approve this compromise settlement, to determine liens against the proceeds of such settlement, and to direct distribution of the proceeds according to law.

**JAMES SORAH, ROXANN SORAH AND MICHAEL SORAH**

By Counsel

s/Jason G. Moyers
Jason G. Moyers (VSB No. 38673)
Harman, Claytor, Corrigan & Wellman
27 Church Avenue SW
Roanoke, Virginia  24011
540-527-2012 - Phone
804-212-0855 - Fax
jmoyers@hccw.com

James N. L. Humphreys (VSB No. 27868)
Hunter, Smith & Davis, LLP
P. O. Box 3740
Kingsport, Tennessee 37664
423-378-8862 - Phone
423-378-8804 - Fax
humphrey@hsdlaw.com

Counsel for Defendants

# **C E R T I F I C A T E**

I hereby certify that on this 20th day of September, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Joshua Ely (VSB No. 94742)
>Ely Law Offices, PLC
>P.O. Box 748
>Pennington Gap, VA 24277
>276-207-4753 - Phone
>Josh@ElyandCoLaw.com

Counsel for Plaintiff

>James N. L. Humphreys (VSB No. 27868)
>Hunter, Smith & Davis, LLP
>P. O. Box 3740
>Kingsport, Tennessee 37664
>423-378-8862 - Phone
>423-378-8804 - Fax
>humphrey@hsdlaw.com

Co-Counsel for Defendants

>s/Jason G. Moyers
>Jason G. Moyers (VSB No. 38673)
>Harman, Claytor, Corrigan & Wellman
>27 Church Avenue SW
>Roanoke, Virginia  24011
>540-527-2012 - Phone
>804-212-0855 - Fax
>jmoyers@hccw.com

Counsel for Defendants